IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-21 |
| | § | |
| BILL MCCHRISTIAN, INDIVIDUALLY, | § | |
| AND D/B/A AMBER HOMES, INC., | § | |
| F/K/A MCCHRISTIAN CONSTRUCTION, | § | |
| and ALFREDO GALLEGOS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER DENYING EVANSTON
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Before the court are "Plaintiff Evanston Insurance Company's Motion for Summary Judgment" (docket entry #19), "Defendant Alfredo Gallegos' Response to Plaintiff Evanston Insurance Company's Motion for Summary Judgment" (docket entry #26), "Defendant Bill McChristian's Memorandum in Opposition and Response to Plaintiff's Motion for Summary Judgment" (docket entry #27), "Plaintiff's Reply to Defendants Bill McChristian, Individually and d/b/a Amber Homes, Inc. and Alfredo Gallegos' Memorandum in Opposition and Response to Plaintiff's Motion for Summary Judgment" (docket entry #30), and "Defendant Alfredo Gallegos' Sur-Reply to Plaintiff's Reply to Defendants' Memorandum in Opposition and Response to Plaintiff's Motion for Summary Judgment" (docket entry #31). Having considered the motion, the responses, and the replies, the court is of the opinion that the motion should be denied.

### BACKGROUND

This case involves an insurance coverage dispute arising out of a work-related personal injury

-1-

suit. On August 26, 2003, Defendant Alfredo Gallegos ("Gallegos") was working at a construction site controlled by Bill McChristian, Individually and d/b/a Amber Homes, Inc., f/k/a McChristian Construction (collectively, "McChristian"). Gallegos' Resp. to Plaint. Mot. Summ. J. ("Gallegos's Resp."), Gallegos Aff. As Gallegos was working, it began to rain. *Id.* Unable to leave because of the weather, McChristian directed Gallegos and other workers to seek shelter in a neighboring home that McChristian controlled. *Id.* While there, the home collapsed on Gallegos and several other workers, causing severe personal injuries to Gallegos. *Id.* Because of the injuries, Gallegos brought suit against McChristian in a case styled *Alfredo Gallegos v. Bill McChristian, individually and d/b/a Amber Homes, Inc., f/k/a McChristian Construction*, pending in the 380th Judicial District Court of Collin County, Texas ("underlying lawsuit"). Gallegos's Resp., Ex. A. The parties do not dispute that a policy issued by the Plaintiff, Evanston Insurance Company ("Evanston"), which names McChristian as the insured, was in effect at the time of the accident. Plaint. Mot. Summ. J. ("Motion"), ¶¶ 5-8; Def. Alfredo Gallegos's Org. Ans., ¶ 5; Def. Bill McChristian's First Amended Ans. ("McChristian Amended Ans."), ¶ 5.

Gallegos filed the underlying lawsuit and then received a default judgment on December 20, 2005. Plaint. Org. Compl. ("Compl."), ¶ 8. The default judgment was set aside on approximately February 23, 2006. McChristian Amended Ans. ¶ 11. Before the default judgment was set aside, Evanston filed this declaratory judgment action asking the court to declare that Evanston has no duty to defend or indemnify McChristian in the underlying lawsuit.[1] Motion, p. 2; Plaint. Org. Compl., ¶ 19. Evanston filed its motion for summary judgment on April 6, 2006. Gallegos responded on

---

[1] Evanston originally filed its declaratory action in the Northern District of Texas, but it was transferred to the Eastern District of Texas on January 19, 2006.

April 24, 2006 and at the same time filed a first amended petition in the underlying lawsuit. The filing of the first amended petition is important because it changed Gallegos characterization of his relationship with McChristian from "employee" to "independent contractor." McChristian also filed his response on April 24, 2006. Shortly thereafter, the reply and sur-reply were filed.

In its Motion, Evanston essentially contends that it has no duty to defend or indemnify McChristian because the employer's liability exclusion bars coverage. In pertinent part, the exclusion provision states that the insurance policy "does not apply to any claim, suit, cost or expense arising out of 'bodily injury' to (1) any employee of a Named Insured arising out of and in the course of employment or while performing duties related to the conduct of the insured's business." Motion, Ex. 2, App. 1. The policy defines "employee" as any "member, associate, leased worker, temporary worker, or any persons loaned to or volunteering services to you." *Id.* Evanston argues that Gallegos was an employee at the time he was injured, as evidenced by the word "employed" in his original petition in the underlying state lawsuit. Having amended the petition in the underlying state lawsuit, Gallegos and McChristian both argue that Gallegos was not an employee at the time of his injury but rather was an independent contractor.[2]

In its reply, Evanston argues that the first amended petition should not be considered in connection with this declaratory action because it was not filed at the time the declaratory judgment action was filed. Following Evanston's logic, the court is only to look to the original petition to determine whether a duty to defend exists in the underlying lawsuit. For the following reasons, the court finds that argument to be incorrect and therefore finds Evanston's motion for summary judgment to be without merit.

---

[2] Gallegos and McChristian make essentially the same argument in their respective responses.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually insufficient claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *See id.* The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Texas utilizes the "complaint allegation rule," also known as the "eight corners rule," in order to determine whether an insurer has a duty to defend.[3] *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*,

---

[3] Because this is a diversity case, Texas substantive law applies. *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.*, 351 F.3d 642, 646 (5th Cir. 2003).

382 F.3d 546, 552 (5th Cir. 2004). In applying this rule, the finder of fact must compare the allegations in the underlying suit, that is, the suit against the insured, with the insurance policy provisions. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Primrose Operating Co.*, 382 F.3d at 552. It is not the cause of action alleged that is determinative, but rather it is the facts in the petition which gave rise to the alleged actionable conduct that are determinative. *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at141.

Texas Rule of Civil Procedure 65 states that amended pleadings completely supercede any prior pleadings. TEX. R. CIV. P. 65; *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983). Therefore, the duty to defend is determined by looking to the latest, and only the latest, amended pleadings. *Rhodes*, 719 F.2d at 119. "A complaint which does not initially state a cause of action under the policy, and so does not create a duty of defend, may be amended so as to give rise to such a duty." *Id.* In applying the complaint allegation rule, if any doubt exists as to whether an alleged cause of action falls under the policy's coverage, the court must give the allegations in the pleadings a liberal interpretation and resolve any doubts in favor of the insured. *Guaranty Nat'l Ins. Co. v. Asrock Indus., Inc.* 211 F.3d 239, 243 (5th Cir. 2000). If the policy even *potentially* covers an allegation in the complaint, the insurer has a duty to defend. *Enserch Corp. v. Shand Morahan & Co.,* 952 F.2d 1485, 1492 (5th Cir. 1992).

Evanston argues that whether it has a duty to defend should be analyzed using the original petition filed by Gallegos. This contention is clearly incorrect given Texas Rule of Civil Procedure 65 and the case law surrounding the issue. As such, whether Evanston has a duty to defend will be analyzed by comparing Gallegos's first amended petition in the underlying lawsuit, in which he states that he was an independent contractor, with the language in the policy at issue. Specifically,

Evanston argues that the language in the Employers' Liability Exclusion precludes coverage. Motion, Ex. 1, App. 2.   In pertinent part, the exclusion states that the insurance policy "does not apply to any claim, suit, cost or expense arising out of 'bodily injury' to (1) any employee of a Named Insured arising out of and in the course of employment or while performing duties related to the conduct of the insured's business." *Id.*   The policy defines "employee" as any "member, associate, leased worker, temporary worker, or any persons loaned to or volunteering services to you." *Id.*

"Independent contractor" does not appear to fall under the policy's definition of "employee." Therefore, the policy's employer liability exclusion does not bar coverage.  Even assuming that "independent contractor" *might* fall under "employee," any doubt on that issue must be resolved in the insured's favor.  *See Enserch Corp.,* 952 F.2d at 1492;  *Guaranty Nat'l Ins. Co.*, 211 F.3d at 243.  Therefore, the employer liability exclusion does not apply in the instant case, and Evanston's motion for summary judgment should be denied.

## CONCLUSION

Upon consideration of Plaintiff Evanston Insurance Company's Motion for Summary Judgment (docket entry #19), and the responses and replies thereto, the motion is hereby **DENIED**. The court did not reach the question of whether Evanston has a duty to indemnify due to its "Order Granting Joint Motion to Continue Deadlines in the Docket Control Order and Motion to Stay" (docket entry #40). Pursuant to the parties' request, the court stayed the proceedings as to the indemnity issue, which will not be ripe until a decision has been reached in the underlying state lawsuit.  The parties are directed to file a report with the court on or before May 1, 2007 regarding the status of the underlying state court lawsuit.

**SIGNED this the 23rd day of March, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE